Ruben A. Castellón (SBN 154610)
William W. Funderburk Jr. (SBN 176244)
Anna L. Le May (SBN 258312)
CASTELLÓN & FUNDERBURK LLP
3200 Danville Boulevard, Suite 100
Alamo, CA 94507
Telephone: (925) 837-1199
Facsimile: (925) 837-1144
rcastellon@candffirm.com
wfunderburk@candffirm.com
alemay@candffirm.com

Attorneys for Defendant Pacific Steel Casting Co.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC STEEL CASTING CO.<br><br>Defendant. | **Case No. C 12-05955 JCS**<br><br>**Assigned to: Hon. Joseph C. Spero**<br><br>**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq.)**<br><br>**Complaint Filed: November 20, 2012** |

Defendant Pacific Steel Casting Co. (hereinafter "Defendant") answers the complaint of Plaintiff, San Francisco Baykeeper (hereinafter "Plaintiff") by admitting, alleging, and denying as follows:

**GENERAL DENIAL**

Except as expressly admitted herein, Defendant denies each and every allegation in the Complaint.

## I.      JURISDICTION AND VENUE

1. In response to Paragraph 1 of Part I of the Complaint, Defendant admits that this is a civil suit brought under the citizen suit enforcement provisions of the Federal Water Pollution Control Act pursuant to 33 U.S.C. § 1251, et seq. (the "Clean Water Act" or the  "CWA"). Defendant denies all other allegations.

2. In response to Paragraph 2 of Part I of the Complaint, Defendant asserts that Plaintiff did not provide sufficient notice of any alleged violations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis, the allegations are denied.

3. In response to Paragraph 3 of Part I of the Complaint, Defendant admits that more than sixty days has passed since September 13, 2012. Defendant, however, asserts that Plaintiff did not provide sufficient notice of any alleged violations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis, the allegations are denied. Paragraph 3 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 3 contains any factual allegations, Defendant denies those allegations.

4. Defendant admits that the venue alleged in Paragraph 4 is proper. To the extent Plaintiff alleges in Paragraph 4 that Defendant violated the Clean Water Act, Defendant denies such allegations.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

## II.    <u>INTRADISTRICT ASSIGNMENT</u>

5. Defendant admits that the venue alleged in Paragraph 5 is proper.  To the extent Plaintiff alleges in Paragraph 5 that Defendant violated the Clean Water Act, Defendant deny such allegations.

## III.    <u>INTRODUCTION</u>

6. Paragraph 6 characterizes the nature and purpose of Plaintiff's lawsuit and constitutes a legal argument to which no response is required. To the extent Paragraph 6 contains any factual allegations, Defendant denies those allegations.

7.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis the allegations are denied.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis the allegations are denied.  To the remaining allegations of Paragraph 8, Defendant denies each and every remaining allegation.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis the allegations are denied.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis the allegations are denied.  To the remaining allegations of Paragraph 10, Defendant denies each and every remaining allegation.

## IV.    <u>PARTIES</u>

11.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis the allegations are denied.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

12.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis the allegations are denied.  To the remaining allegations of Paragraph 12, Defendant denies each and every remaining allegation.

13.  Defendant admits that Pacific Steel is a corporation formed under the laws of the State of California. Defendant denies each and every remaining allegation contained in paragraph 13.

## V.    REGULATORY BACKGROUND

### Clean Water Act

14.  Paragraph 14 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 14 contains any factual allegations, Defendant denies those allegations.

15.  Paragraph 15 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 15 contains any factual allegations, Defendant denies those allegations.

16. Paragraph 16 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 16 contains any factual allegations, Defendant denies those allegations.

17.  Paragraph 17 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 17 contains any factual allegations, Defendant denies those allegations.

18.  Paragraph 18 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 18 contains any factual allegations, Defendant denies those allegations.

19.  Paragraph 19 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 19 contains any factual

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

allegations, Defendant denies those allegations.

20.  Paragraph 20 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 20 contains any factual allegations, Defendant denies those allegations.

**State Regulations**

21.  Paragraph 21 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 21 contains any factual allegations, Defendant denies those allegations.

22.  Paragraph 22 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 22 contains any factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and on that basis the allegations are denied.

23. Paragraph 23 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 23 contains any factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis the allegations are denied.

24.  Paragraph 24 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 24 contains any factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis the allegations are denied.

25.  Paragraph 25 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 25 contains any factual allegations, Defendant lacks knowledge or information sufficient to form a belief

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

1   as to the truth of the allegations contained in Paragraph 25, and on that basis the

2   allegations are denied.

3   **The General Industrial Stormwater Permit**

4   26.  Paragraph 26 contains partial statements and conclusions of law to

5   which no response is required. To the extent Paragraph 26 contains any factual

6   allegations, Defendant denies those allegations.

7   27. Paragraph 27 contains partial statements and conclusions of law to

8   which no response is required. To the extent Paragraph 27 contains any factual

9   allegations, Defendant denies those allegations.

10   28.  Paragraph 28 contains partial statements and conclusions of law to

11   which no response is required. To the extent Paragraph 28 contains any factual

12   allegations, Defendant denies those allegations.

13   29.  Paragraph 29 contains partial statements and conclusions of law to

14   which no response is required. To the extent Paragraph 29 contains any factual

15   allegations, Defendant denies those allegations.

16   30.  Paragraph 30 contains partial statements and conclusions of law to

17   which no response is required. To the extent Paragraph 30 contains any factual

18   allegations, Defendant denies those allegations.

19   31.  Paragraph 31 contains partial statements and conclusions of law to

20   which no response is required. To the extent Paragraph 31 contains any factual

21   allegations, Defendant denies those allegations.

22   32.  Paragraph 32 contains partial statements and conclusions of law to

23   which no response is required. To the extent Paragraph 32 contains any factual

24   allegations, Defendant denies those allegations.

25   33.  Paragraph 33 contains partial statements and conclusions of law to

26   which no response is required. To the extent Paragraph 33 contains any factual

27

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

1 | allegations, Defendant denies those allegations.

2 | 34. Paragraph 34 contains partial statements and conclusions of law to

3 | which no response is required. To the extent Paragraph 34 contains any factual

4 | allegations, Defendant denies those allegations.

5 | **VI.** **STATEMENT OF THE FACTS**

6 | 35. In response to Paragraph 35 of Part VI of the Complaint, Defendant

7 | admits that it is a steel foundry located at 1333 Second Street in Berkeley,

8 | California. Defendant denies each and every remaining allegation contained in

9 | Paragraph 35.

10 | 36. Defendant denies each and every allegation contained in Paragraph 36.

11 | 37. Defendant admits that it is a steel foundry. Defendant denies each and

12 | every remaining allegation contained in Paragraph 37.

13 | 38. Defendant denies each and every allegation contained in Paragraph 38.

14 | 39. Defendant denies each and every allegation contained in Paragraph 39.

15 | 40. Defendant denies each and every allegation contained in Paragraph 40.

16 | 41. Defendant denies each and every allegation contained in Paragraph 41.

17 | 42. Defendant denies each and every allegation contained in Paragraph 42.

18 | **Pacific Steel's Activities Contributing to CWA Violations**

19 | 43. Defendant denies each and every allegation contained in Paragraph 43.

20 | 44. Defendant denies each and every allegation contained in Paragraph 44.

21 | 45. Defendant denies each and every allegation contained in Paragraph 45.

22 | 46. Defendant denies each and every allegation contained in Paragraph 46.

23 | 47. Defendant denies each and every allegation contained in Paragraph 47.

24 | 48. Defendant denies each and every allegation contained in Paragraph 48.

25 | 49. Defendant denies each and every allegation contained in Paragraph 49.

26 | 50. Defendant denies each and every allegation contained in Paragraph 50.

27 |

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

51. Defendant denies each and every allegation contained in Paragraph 51.

52. Defendant denies each and every allegation contained in Paragraph 52.

53. Defendant denies each and every allegation contained in Paragraph 53.

54. Defendant denies each and every allegation contained in Paragraph 54.

55. Defendant denies each and every allegation contained in Paragraph 55.

56. Defendant denies each and every allegation contained in Paragraph 56.

57. Defendant denies each and every allegation contained in Paragraph 57.

58. Defendant denies each and every allegation contained in Paragraph 58.

## VII. CLAIMS

## FIRST CLAIM FOR RELIEF

**Discharges in Violation of Permit Prohibitions of the Industrial Stormwater Permit**

**(Violations of 33 U.S.C. § 1311)**

59. In response to paragraph 59 of the Complaint, which incorporates by reference Paragraphs 1 through 58 of the Complaint, Defendant incorporates by reference the responses to said paragraphs as if set forth fully herein.

60. In response to Paragraph 60, Defendant denies each and every allegation.

61. In response to Paragraph 61, Defendant denies each and every allegation.

62. In response to Paragraph 62, Defendant denies each and every allegation.

63. In response to Paragraph 63, Defendant denies each and every allegation.

64. In response to Paragraph 64, Defendant denies each and every allegation.

65. In response to Paragraph 65, Defendant denies each and every allegation.

66. Paragraph 66 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 66, Defendant denies each and every remaining allegation.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

67. Paragraph 67 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 67, Defendant denies each and every remaining allegation.

## SECOND CLAIM FOR RELIEF

**Discharge in Violation of Effluent Limitations of the Industrial Stormwater Permit**

**(Violations of 33 U.S.C. § 1311)**

68. In response to paragraph 68 of the Complaint, which incorporates by reference Paragraphs 1 through 67 of the Complaint, Defendant incorporates by reference the responses to said paragraphs as if set forth fully herein.

69. In response to Paragraph 69, Defendant denies each and every allegation.

70. In response to Paragraph 70, Defendant denies each and every allegation.

71. In response to Paragraph 71, Defendant denies each and every allegation.

72. In response to Paragraph 72, Defendant denies each and every allegation.

73. Paragraph 73 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 73, Defendant denies each and every remaining allegation.

74. Paragraph 74 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 74, Defendant denies each and every remaining allegation.

///

///

///

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

**THIRD CLAIM FOR RELIEF**

**Failure to Develop and Implement an Adequate Storm Water Pollution**

**Prevention Plan, in Violation of the Industrial Stormwater Permit**

**(Violations of 33 U.S.C. § 1311)**

75. In response to paragraph 75 of the Complaint, which incorporates by reference Paragraphs 1 through 74 of the Complaint, Defendant incorporates by reference the responses to said paragraphs as if set forth fully herein.

76. In response to Paragraph 76, Defendant denies each and every allegation.

77. In response to Paragraph 77, Defendant denies each and every allegation.

78. In response to Paragraph 78, Defendant denies each and every allegation.

79. In response to Paragraph 79, Defendant denies each and every allegation.

80. In response to Paragraph 80, Defendant denies each and every allegation.

81. In response to Paragraph 81, Defendant denies each and every allegation.

82. Paragraph 82 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 82, Defendant denies each and every remaining allegation.

83. Paragraph 83 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 83, Defendant denies each and every remaining allegation.

**FOURTH CLAIM FOR RELIEF**

**Failure to Develop and Implement an Adequate Monitoring and Reporting**

**Program, in Violation of the Industrial Stormwater Permit**

**(Violations of 33 U.S.C. § 1311)**

84. In response to paragraph 84 of the Complaint, which incorporates by reference Paragraphs 1 through 83 of the Complaint, Defendant incorporates by reference the responses to said paragraphs as if set forth fully herein.

DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES

85. In response to Paragraph 85, Defendant denies each and every allegation.

86. In response to Paragraph 86, Defendant denies each and every allegation.

87. In response to Paragraph 87, Defendant denies each and every allegation.

88. In response to Paragraph 88, Defendant denies each and every allegation.

89. In response to Paragraph 89, Defendant denies each and every allegation.

90. In response to Paragraph 90, Defendant denies each and every allegation.

91. Paragraph 91 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 91, Defendant denies each and every remaining allegation.

92. Paragraph 92 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 92, Defendant denies each and every remaining allegation.

## FIFTH CLAIM FOR RELIEF

### Unpermitted Discharge of Pollutants in Violation of CWA Section 301(a)

### (Violations of 33 U.S.C. § 1311)

93. In response to paragraph 93 of the Complaint, which incorporates by reference Paragraphs 1 through 92 of the Complaint, Defendant incorporates by reference the responses to said paragraphs as if set forth fully herein.

94. In response to Paragraph 94, Defendant denies each and every allegation.

95. In response to Paragraph 95, Defendant denies each and every allegation.

96. In response to Paragraph 96, Defendant denies each and every allegation.

97. Paragraph 97 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 97, Defendant denies each and every remaining allegation.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

98. Paragraph 98 contains partial statements and conclusions of law to which no response is required. To the remaining allegations of Paragraph 98, Defendant denies each and every remaining allegation.

<b><u>RELIEF REQUESTED</u></b>

1. Defendant denies that Plaintiff is entitled to the relief requested or any other relief, on the causes of action asserted and specifically denies each and every and all allegations in claims set forth in the prayer of the Complaint.

a. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph a.

i. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph i.

ii. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph ii.

iii. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph iii.

b. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph b.

c. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph c.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

d. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph d.

e. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph e.

f. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph f.

g. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph g.

h. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph h.

i. Defendant denies that Plaintiff is entitled to the relief requested.

j. Defendant denies that Plaintiff is entitled to any and all relief.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim for Relief)

Defendant alleges that the Complaint and each cause of action therein fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lacks Capacity or Standing)

Defendant alleges that Plaintiff, and each of its' members, lacks capacity to sue or the requisite standing to bring this claim as required by Article III of the United States Constitution.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

## THIRD AFFIRMATIVE DEFENSE

### (Lacks Jurisdiction)

Plaintiff's Complaint fails to establish jurisdiction as Plaintiff fails to allege continuing violations of the Clean Water Act. No injunctive relief, civil penalties, or any relief whatsoever may be assessed or imposed unless Plaintiff has alleged violation is continuing at the time of the commencement of the action and at the time of trial. As of the time of commencement of this action, there were no continuing violations of the Clean Water Act. Any alleged violation of the Clean Water Act or the General Permit are wholly past violations and are therefore not actionable.

## FOURTH AFFIRMATIVE DEFENSE

### (Failed to Provide Sufficient Notice)

The Notice of Intent to Sue alleged in Plaintiff's Complaint is defective as the purported Notice failed to sufficiently identify purported violations of the Clean Water Act and to otherwise provide adequate notice as required by the Clean Water Act and the regulations of the U.S. Environmental Protection Agency found at 40 C.F.R. Part 135.

## FIFTH AFFIRMATIVE DEFENSE

### (Claims are Moot)

Plaintiff's Complaint and each cause of action therein is barred in whole or in part because Plaintiff's claims are moot. Any and all alleged discharges by Defendant presently comply with all applicable laws and regulations, and there is no reasonable likelihood that future violation of such laws and regulations will occur.

DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES

### SIXTH AFFIRMATIVE DEFENSE

#### (No Violations of Statutory Provisions)

Defendant has not violated any of the statutory provisions cited in Plaintiff's Complaint. At all times, Defendant complied with all statutory and regulatory requirements concerning the activities which are the subject of Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Improper Party Sued)

The discharges referred to in Plaintiff's Complaint, if there are any, were caused by acts or omissions of entities or persons other than Defendant and over whom Defendant had no control.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Reliance)

Defendant, at all relevant times relative to the matters which form the subject of Plaintiff's Complaint, acted in reliance upon the directions given to it by the pertinent government regulators.

### NINTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Plaintiff's Complaint and each cause of action therein is barred in whole or in part by the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

#### (Laches)

Plaintiff's Complaint and each cause of action therein is barred in whole or in part by the doctrine of laches.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendant alleges that negligent acts and statutory violations by persons other than Defendant contributed to any alleged damages, and therefore Plaintiff's recovery from Defendant, if any, should be reduced on the basis of comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

Defendant alleges that the injuries and damages complained of by Plaintiff, if any, were solely caused by the unlawful conduct or willful act of Plaintiff and/or others, and that by virtue of same, Plaintiff is barred from recovery herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Duty)

Defendant owed no duty of care to Plaintiff at all times relevant to this lawsuit. Defendant complied with all applicable laws and regulations and has acted in a careful, reasonable, and prudent manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Any prospective recovery herein is barred by the equitable doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Any prospective recovery herein is barred by the equitable doctrine of estoppel.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

At all times herein, Plaintiff has failed to mitigate, reduce or otherwise avoid the alleged damages, if any, thus barring any recovery herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Improper Causation)

The damages Plaintiff claims to have sustained, if any, are in whole or in part, the proximate result of the acts or omissions of persons or entities other than Defendant or any other person for whose acts or omissions Defendant is not responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Offset)

If Plaintiff is found to be entitled to recover costs or damages against Defendant, which entitlement Defendant denies, such recovery must be reduced by any and all amounts previously or otherwise obtained by Plaintiff whether by direct payment, offset or otherwise for the alleged damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Alleged Damages Not Reasonably Contemplated of Foreseen)

Any prospective recovery is barred by virtue of the fact that the alleged damages, if any, were not reasonably contemplated or foreseen by the parties.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint and each cause of action therein is barred by the doctrine of waiver.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

Plaintiff is not entitled to attorneys' fees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Recovery of Penalties Invalid)

If applicable herein, recovery of penalties is invalid on its face or as applied to Defendant under the Constitution of the State of California and the Constitution of the United States, including, but not limited to, Article I, Section 10 and the First, Fifth, Sixth and Fourteenth Amendments thereto.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Improper Selective Prosecution)

Plaintiff's prosecution of this Complaint against Defendant is a selective prosecution in violation of the United States and California Constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary and Indispensable Parties)

Plaintiff has failed to join necessary and indispensable parties needed for a just adjudication of the claims raised in this proceeding.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

Defendant hereby asserts that some or all of Plaintiff's claims, issues, and/or damages being raised and sought herein are barred by the operation of res judicata and/or collateral estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation)

Defendant will rely upon all additional affirmative defenses that become available as a result of information developed through discovery or at trial.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

1

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

### **(Improper Venue)**

Defendant hereby asserts that the venue and/or the intra-district venue selected for this case is improper and incorrect. As such, Defendant reserves the right to challenge Plaintiff's improper venue selection.

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

### **(Lacks of Jurisdiction and/or Venue)**

Defendant hereby asserts that the Court lacks jurisdiction and/or venue with respect to some or all of the claims for relief alleged in the Complaint.

**WHEREFORE**, Defendant prays for judgment as follows:

(a) That Plaintiff takes nothing whatsoever by reason of the Complaint or any claims stated therein;

(b) That the Complaint and any and all claims therein against Defendant be dismissed with prejudice;

(c) That if Defendant is found liable, that the degree of the responsibility and liability for the resulting damages and that Defendant be held liable only for that portion of the total damages in proportion to its liability for the same, if any;

(d) Defendant recovers its costs and reasonable attorneys' fees in this proceeding pursuant to 33 U.S.C. § 1365(d) and such other statutes which may apply; and

///

///

///

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

(e) The court grant such other and further relief as it may deem just and proper.

Dated: March 11, 2013                    Respectfully submitted,

                                         CASTELLÓN & FUNDERBURK LLP


                                  By:    /s/ Ruben A. Castellón
                                         Ruben A. Castellón
                                         William W. Funderburk, Jr.
                                         Anna L. Le May
                                         Attorneys for Defendant
                                         PACIFIC STEEL CASTING CO.

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands that this action be tried by a jury.

Dated: March 11, 2013          Respectfully submitted,

CASTELLÓN & FUNDERBURK LLP


By:    /s/ Ruben A. Castellón
       Ruben A. Castellón
       William W. Funderburk, Jr.
       Anna L. Le May
       Attorneys for Defendant
       PACIFIC STEEL CASTING CO.

PROOF OF SERVICE
[C.C.P. § 1013, C.R.C.§ 2008, F.R.C.P. Rule 5]

I, Skarleht Samayoa, state:

I am a citizen of the United States.  My business address is 811 Wilshire Blvd., Suite 1025, Los Angeles, CA 90017-2606.  I am employed in the City and County of Los Angeles where this mailing occurs.   I am over the age of eighteen years and not a party to this action.  On the date set forth below, I served the foregoing documents described as:

**DEFENDANT PACIFIC STEEL CASTING CO.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

on the following person(s) in this action in accordance with the Court's electronic filing rules ("ECF"):

Amanda Garcia
Andrea Kopeeky
San Francisco Baykeeper
785 Market Street, Suite 850
San Francisco, CA 94103
Tel: 415.856.0444
Fax: 415.856.0443
amanda@baykeeper.org
andrea@baykeeper.org

:       BY FIRST CLASS MAIL - I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.  I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

:       BY FACSIMILE - I caused said document to be transmitted by Facsimile machine to counsel at the numbers indicated after the address(es) noted above.

:       BY E-MAIL - I personally sent a true copy in PDF format to the e-mail addresses listed above.

:       BY PERSONAL SERVICE - I caused to be served each envelope(s) by hand to the offices located at the above addresses.

X:      Filed and served electronically in accordance with the Court's electronic filing ("ECF") rules, pursuant to which registered ECF users receive service copies by e-mail delivery.

:       BY OVERNIGHT DELIVERY -  I caused said document to be transmitted by Federal Express (FedEx priority overnight) to counsel at the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at Los Angeles, California.

Dated: March 11, 2013

_____
Skarleht Samayoa